UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 11, 2006

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.:  06-0345 (RMC) |
| | : | |
| v. | : | Grand Jury Original |
| | : | |
| LARRY A. VARNER, | : | VIOLATIONS: |
| | : | |
| Defendant. | : | 18 U.S.C. § 666 |
| | : | (Theft from a Program Receiving |
| | : | Federal Funds) |
| | : | |
| | : | 18 U.S.C. § 1344 |
| | : | (Bank Fraud) |
| | : | |
| | : | 18 U.S.C. § 982(a)(2)(A) and (a)(3) |
| | : | (Criminal Forfeiture) |

**I N D I C T M E N T**

The Grand Jury charges that:

**COUNT ONE**

On or about July 5, 2005, within the District of Columbia, defendant **LARRY A. VARNER**, then an employee and agent of Howard University and the Howard University Hospital, an organization that receives benefits in excess of $10,000 per year, and in all relevant years, under a Federal program involving a grant, contract, and other federal assistance, did embezzle, steal, obtain by fraud, and without authority, a $30,000 check that was owned by, and in the care, custody and control of Howard University and the Howard University Hospital.

(**Theft from a Program Receiving Federal Funds**, in violation of Title 18, United
States Code, Section 666)

## COUNT TWO

On or about July 5, 2005, within the District of Columbia, defendant **LARRY A. VARNER** did knowingly execute a scheme and artifice to defraud a financial institution that is insured by the Federal Deposit Insurance Corporation, that is, the SunTrust Bank, to obtain money in the amount of $30,000, which was under the custody and control of the SunTrust Bank, by means of false and fraudulent pretenses, representations and promises.

(**Bank Fraud**, in violation of Title 18, United States Code, Section 1344)

## NOTICE OF FORFEITURE

Upon conviction of one or both of the theft from a program receiving federal funds or bank fraud offenses alleged in Counts I and II of this Indictment, defendant **LARRY A. VARNER** shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) (as incorporated by 28 U.S.C. § 2461(c)), any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations, including, but not limited to, the following: **$30,000**, which represents a sum of money equal to the amount of money constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the defendant's commission of a Federal fraud or theft offense(s), in violation of 18 U.S.C. §§ 666 and 1344.

Pursuant to 21 U.S.C. § 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant shall forfeit substitute property, up to the value of the amount described above, if, by any act or omission of said defendant, the property identified above as subject to forfeiture:

- a. cannot be located upon the exercise of due diligence;
- b. has been transferred, sold to or deposited with a third party;
- c. has been placed beyond the jurisdiction of the court;
- d. has been substantially diminished in value; or
- e. has been commingled with other property which cannot be divided without difficulty.

All in accordance with 18 U.S.C. § 981(a)(1) and 28 U.S.C. § 2461 (incorporating 18 U.S.C. § 981(a)(1)) and Rule 32.2(a), Federal Rules of Criminal Procedure.

    (**Criminal Forfeiture**, pursuant to Title 18, United States Code, Sections 981 and 982; Title 28, United States Code, Section 2461; and Fed. R. Crim. P. 32.2(b)(1))

    A TRUE BILL


    FOREPERSON


Attorney of the United States in
and for the District of Columbia