

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

February 2, 2007

**FILED**

APR 2 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

06 cr 345

BY FAX
Tony Miles, Esq.
625 Indiana Ave., N.W.
Suite 550
Washington, D.C. 20004

   Re: <u>U.S. v. Larry A. Varner</u>

Dear Mr. Miles:

  This letter sets forth the plea agreement this Office is willing to enter into with your client, Larry A. Varner (the "defendant" or "your client"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me. Upon our receipt of the executed document, this letter will become the plea agreement. The terms of the agreement are as follows:

  1. **Charges**. Your client agrees to plead guilty to Theft from a Program Receiving Federal Funds, in violation of 18 U.S.C. § 666, an offense which is charged in an Indictment that has been filed in the United States District Court for the District of Columbia.

  Your client agrees that the attached "Factual Proffer in Support of Guilty Plea" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the "Factual Proffer in Support of Guilty Plea" as a written proffer of evidence.

  2. **Potential penalties, assessments, and restitution**. Your client understands that pursuant to 18 U.S.C. § 666(a)(1), Theft from a Program Receiving Federal Funds carries a maximum sentence of not more than ten (10) years imprisonment, a maximum fine of not more than $250,000 or twice the amount of the pecuniary gain of the defendant or loss pursuant to 18 U.S.C. § 3571(b)(3) and (d), or both, an order of restitution pursuant to 18 U.S.C. § 3663A, and a period of supervised

release of not more than three years, 18 U.S.C. § 3583(b)(2).

In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court prior to the date of sentencing. See 18 U.S.C. § 3013.

3. **Additional charges**. If the defendant fulfills all obligations under this plea agreement, then in exchange for the defendant's guilty plea, as described in paragraph 1 above, the government agrees that, at sentencing, it will dismiss the remaining count of the indictment, i.e., Count Two, Bank Fraud.

With regard to any charge that will be dismissed subsequent to your client's sentencing pursuant to this agreement, your client acknowledges and agrees that such charge is based in fact and the dismissal of such charge is solely a part of the consideration for this agreement and for no other reason and provides your client with no basis to claim "prevailing party" status under the "Hyde Amendment," P. L. 105-119 (1997). Further, your client specifically agrees not to file any claim under that law.

4. **Forfeiture**. Your client agrees to forfeit all interests in any property that constitutes or is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of your client's offense, including, but not limited to, the following specific property: Money Judgment -- $30,000.00.

Your client agrees to consent to the entry of a Consent Order of Forfeiture for such property/amount and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and he waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

Your client further agrees to waive all interest in any such asset/amount in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Your client further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding. Your client acknowledges that the property covered by this Plea Agreement is subject to forfeiture as proceeds of his illegal conduct and/or as substitute assets for property otherwise subject to forfeiture.

5. **Release/Detention and Actions Pending Sentencing.** The government agrees that so long as your client is in compliance with his current conditions of release, the government will not seek to have your client detained pending sentencing in this case.

6. **Sentencing Guidelines Stipulations**. Your client understands that the sentence for Theft from a Program Receiving Federal Funds will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), and 3553(c) through (e), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual - 2006 Edition (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

The parties agree that the defendant's Offense Level for Theft from a Program Receiving Federal Funds will be determined by the provisions contained in the Sentencing Guidelines, §2B1.1, and that, at a minimum, the Specific Offense Characteristics described below should apply. However, the calculations set forth below are simply an estimate, and are not binding on the Court or the U.S. Probation Office.

The Base Offense Level for Theft from a Program Receiving Federal Funds under §2B1.1 is 6. The parties agree that pursuant to §2B1.1(b)(1)(C), the offense level should be increased by 4 levels because the offense involved more than $10,000. This increase results in an Adjusted Offense Level of 10.

7. **Acceptance of Responsibility**. Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the government agrees that a 2-level reduction would be appropriate, pursuant to §3E1.1(a) of the Sentencing Guidelines.

8. **Court Not Bound by the Plea Agreement or the Sentencing Guidelines**. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is

understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

9. **Reservation of Allocution**. The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, neither party will seek a sentence outside of the applicable Guideline Range or suggest that the Court consider a sentence outside that Guidelines Range. Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Sentencing Guidelines range the Defendant should be sentenced.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G., Section 3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G., Section 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C., Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

10. **Breach of agreement**. Your client understands and agrees that if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the United States will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute him/her for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

11. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; U.S. Immigration and Customs Enforcement; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

12. **No other agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

Sincerely,

_____
Jeffrey A. Taylor,
United States Attorney

_____
Frederick W. Yette,
Assistant U.S. Attorney

### Defendant's Acceptance

I have read this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am pleading guilty because I am guilty of the criminal offense to which I am entering a guilty plea.

_04/20/2007_                                        _____
Date                                                Larry A. Varner

## Defense Counsel's Acknowledgment

I am Larry A. Varner's attorney. The plea agreement accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

_4/20/07_
Date

_Tony W. M_____
Tony Miles
Counsel for Mr. Varner