IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | CRIMINAL NO. : 06-345 (RMC) |
| : | |
| v. : | |
| : | |
| LARRY A. VARNER, : | |
| : | |
| Defendant. : | |
| : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this memorandum to aid the Court in its sentencing decision. For the reasons explained below, the government urges the Court to impose a sentence that falls within the Sentencing Guideline range of 6 to 12 months, as calculated in the Presentence Report (par. 53, p. 11), for Theft from a Program Receiving Federal Funds. The government also urges the Court not to substitute home detention for any portion of the imprisonment. The government's reasoning for this request is explained below.

At the time of this offense, defendant Varner was employed as a paralegal in the General Counsel's Office of Howard University, which is located at 2400 6th Street, NW, Washington, D.C. The General Counsel's Office is responsible for the litigation and settlement of civil claims against Howard University and the Howard University Hospital (the "Hospital"), a self-insured institution. Defendant Varner devised a scheme to steal $30,000 from Howard and the Hospital by using his position as a paralegal in the General Counsel's Office.

In or about July 2004, a patient identified as "JB" was treated at Howard University Hospital. After JB was treated, JB filed a lawsuit against the Hospital. On or about June 30, 2005, the defendant drafted a letter to the Administrative Officer of the Hospital requesting that a $30,000 payment be made to the firm "Call for Justice" as settlement for the claim filed by JB. Defendant Varner prepared the request letter without the knowledge, approval, or authority of JB or his superiors in the General Counsel's Office; however, as required by policy, the request letter appeared to be initialed by the Deputy General Counsel and the Senior Associate General Counsel of Howard University. The defendant hand-delivered the request letter, accompanied by a confidential settlement agreement and release, to a receptionist at the Hospital's Administrative Office, located at 2041 Georgia Avenue, NW, Washington D.C. The confidential settlement and release also appeared to contain the signatures of the Senior Associate General Counsel for Howard University and of the claimant, JB. Defendant Varner, however, had forged both of these signatures, as well as both sets of initials on the request letter.

After receiving the fake request letter and settlement documents, the Hospital's Administrative Officer noticed that the format of the request letter was incorrect and in need of revision. The Administrative Officer called the defendant and described the changes that needed to be made. The defendant made the changes and subsequently delivered a corrected request letter to the Administrative Officer.

Based on the corrected request letter, the Hospital obtained a $30,000 settlement check made payable to "Call for Justice P.S.," and the defendant picked up the check. On or about July 8, 2005, the defendant deposited the $30,000 check into a Chevy Chase Bank account, under the name "Call For Justice P.S." The defendant is the sole account holder and authorized signatory on that "Call For

Justice" bank account. The defendant then used his ill-gotten $30,000 gain to help him purchase a home in Upper Marlboro, Maryland, for $472,100.

In a victim impact letter to the Court, dated July 31, 2007, Norma B. Leftwich, General Counsel of Howard University, urged the Court to sentence defendant Varner to at least 8 months incarceration and to require him to perform community service and make restitution. (See Attachment). The government supports Howard University's sentencing requests and notes that an 8-month sentence is well within the sentencing range established by the Sentencing Guidelines. As the Supreme Court instructed in U.S. v. Booker, 125 S. Ct. 738 (2005), the sentencing court should consult the sentencing range established by the Sentencing Guidelines in determining an appropriate sentence. The sentencing court also must consider the sentencing factors described in 18 U.S.C. § 3553(a). Based on the Sentencing Guidelines, sentencing factors, and defendant's criminal history, including the instant offense, the government is convinced that the sentencing range of 6 to 12 months, and specifically, a sentence of 8 months, is appropriate and reasonable for defendant Varner. See U.S. v. Olivares, 473 F.3d 1224 (D.C. Cir. 2006) ("In *Booker*, the Supreme Court . . . instructed that sentences shall be reviewed for reasonableness").

Defendant Varner used his access to confidential, proprietary, and personal information to steal money from Howard University to help finance the purchase of his house. Defendant Varner thus took advantage of the trust placed in him as a member of the University's General Counsel's Office, and his lack of integrity deserves genuine punishment.[1] A sentence that appears to be a slap on the wrist will not deter this defendant, or others, from engaging in similar criminal activity in the

---

[1] We note that the defendant is no stranger to the art of deception. The resume that he submitted to Howard to obtain his paralegal position indicated that from 1982 through 1993, he was a "Corrections Officer" with the D.C. Department of Corrections, when in fact, during most of those years he was an inmate serving time for Second Degree Murder.

future.

While it is true that the defendant has agreed to forfeit $30,000 as part of his sentence, which the government intends to remit to Howard University as restitution, this factor does not mean that the defendant deserves leniency. The ideal of justice demands that defendant Varner pay back what he stole. To ensure that the defendant receives an appropriate sentence for this particular crime, the government believes that defendant Varner should not be permitted to spend any portion of this sentence in home detention. As indicated above, the defendant used the money he stole to help purchase the very home in which he would be detained. To impose a sentence involving home detention thus would permit defendant Varner to enjoy the very benefits of the crime for which he is to be punished. Just as with real estate, when it comes to sentencing this defendant, one very important aspect is "location, location, location." Only by refusing to substitute home detention for any period of the defendant's imprisonment can this Court promote respect for the law and convey the message that crime truly does not pay.

WHEREFORE, the government urges the Court to impose a significant sentence of imprisonment that does not substitute home detention for any portion of that imprisonment.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No.498 610

By: _____
FREDERICK W. YETTE, DC Bar 385 391
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-1666
Frederick.Yette@usdoj.gov



# HOWARD
# UNIVERSITY

Office of the General Counsel

July 31, 2007

The Honorable Rosemary M. Collyer
E. Barrett Prettyman U.S. District Courthouse
333 Constitution Ave., NW
Washington, DC 20001

Dear Judge Collyer:

It is with great sadness and disappointment that I submit this victim impact statement for the sentencing of former Howard University employee Larry Varner. Howard University is a premier historically Black, private institution founded in 1867. The University prides itself as a unique and irreplaceable educational institution, defined by its core values, its instruction, research and service, and its enduring commitment to educating youth, particularly African Americans, and other people of color in particular for leadership and service throughout the global community. I have been the General Counsel of this great institution since 1995. As the General Counsel of Howard University, I am responsible for protecting the interests of the University and all that it represents. Larry Varner failed to meet the standards that Howard University has stood for since 1867 and his behavior in this matter is incomprehensible and an affront to the Office of the General Counsel.

It has been disheartening for me to discover that Larry Varner's entire existence at the University has been one of lies and deception. Larry Varner lied on his application in order to gain employment at the University. Larry Varner then created fraudulent settlement documents in the name of an unsuspecting plaintiff and forged the signature of my Deputy General Counsel and that of one of my former Associate General Counsel's on the documents in order to obtain $30,000. Your Honor, the lies and deception continued as, day after day, Larry Varner continued to sit in on confidential meetings regarding this plaintiff as the money he stole from the University (in the plaintiff's name) was being used to finance his personal lifestyle. As a member of my staff, Mr. Varner was privy to confidential, proprietary and personal information during discussions and meetings in the Office of General Counsel regarding many sensitive issues. Mr. Varner's criminal behavior was an affront to those former and current members of the Office of the General Counsel and the University. Mr. Varner took advantage of the trust placed in him as a member of the Office of General Counsel for his own personal gain. By violating this position of trust, he has compromised the integrity and professionalism of this Office. His actions have not only impacted the Office of the General Counsel but the entire University community and he should be held accountable. I ask that Larry Varner serve a term of imprisonment of at least (8) eight months, and be required to pay restitution to the University for the amount of money embezzled from Howard. Finally, I ask that, as part of his sentence, Mr. Varner be required to perform community service at an organization that rehabilitates and builds homes for those less fortunate, such as Habitat For Humanity. My hope, your



2400 6th Street, NW
Washington, DC 20059

Telephone 202 806 2650
Facsimile 202 806 6357
www.howard.edu

Honor, is that Larry Varner will be forever mindful that this is his second chance at rehabilitation and realizes that a criminal lifestyle has lifetime consequences and that he will use this experience to redeem himself and become a productive member of society.

Sincerely,

Norma B. Leftwich
General Counsel